IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| WILLARD FERRELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 07 C 3027 |
| | ) | |
| ZOLA HARRINGTON and CHICAGO | ) | |
| TRANSIT AUTHORITY, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Willard Ferrell brought this suit against the Chicago Transit Authority ("CTA") and CTA bus driver Zola Harrington. Plaintiff's complaint alleges claims under 42 U.S.C. § 1983 and Illinois state tort law. Defendants move the court under Federal Rule of Civil Procedure 12(b)(6) to dismiss all claims. For the reasons stated herein, we deny defendants' motion.

## BACKGROUND

Under Rule 12(b)(6) we accept the complaint's well-pleaded facts as true, including the inferences reasonably drawn from them. McDonald v. Household, Int'l, 425 F.3d 424, 425 (7th Cir. 2005). Therefore, we take the following facts from plaintiff's complaint. On or about February 1, 2006, plaintiff complained to the CTA that defendant Harrington, a CTA bus driver, wrongfully denied him service. On February 7, 2006, plaintiff again attempted to board a CTA bus operated by defendant Harrington. At that time, Harrington caused the plaintiff to be arrested and charged with assault. Plaintiff was ultimately found not guilty of assault. Plaintiff alleges that defendant Harrington deprived him of rights secured by the

First, Fourth and Fourteenth Amendments to the Constitution of the United States. He further contends that defendant Harrington caused him to be subjected to the Illinois tort of malicious prosecution, and that the CTA is liable for that action under the doctrine of *respondeat superior*.

Defendants contend that the complaint should be dismissed because plaintiff abuses the liberal standard of notice pleading by failing to present any facts to support his claim. In the alternative, defendants argue that the complaint fails to state any claim upon which relief can be granted. They assert that defendant Harrington was not acting under color of state law, that the plaintiff's complaint about Harrington to the CTA was not protected speech under the First Amendment, and that the doctrine of qualified immunity protects Harrington from any liability under § 1983. Finally, defendants argue that plaintiff fails to allege a claim for malicious prosecution and that the Illinois Tort Immunity Act, 745 ILCS 10/1-101, *et seq.*, shields them from any liability.[1]

## ANALYSIS

Complaints in federal court need only satisfy a notice pleading standard. *See* Fed. R. Civ. P. 8(a)(2); Bell Atl. Co. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007). This standard requires plaintiffs to meet only two requirements. First, the complaint must describe the claim in sufficient detail to give the defendant "fair notice of what the claim is and the grounds upon which it rests." Bell Atl., 127 S.Ct. at 1964; EEOC v. Concentra Health Services, Inc., 496 F.3d 773, 776 (7th Cir. 2007). Second, the complaint's allegations must plausibly suggest that the plaintiff has a right to relief. Bell Atl., 127 S.Ct. at 1964; Concentra, 496 F.3d at 776.

---

[1] Defendants also ask us to dismiss plaintiff's state law claim for intentional infliction of emotional distress. We find no such claim made in the complaint, and, indeed, plaintiff informs the court in his response to the motion that he makes no such claim.

Defendants argue that the complaint is virtually devoid of facts, and that plaintiff was required to plead facts in greater detail so that they would know what claims he makes against them. But at this early stage it is not incumbent upon the plaintiff to plead specific facts. The Seventh Circuit has stressed that "[f]acts that substantiate the claim ultimately must be put into evidence, but the rule 'plaintiff needs to prove Fact Y' does not imply 'plaintiff must allege Fact Y at the outset.'" Vincent v. City Colleges of Chicago, 485 F.3d 919, 923-24 (7th Cir. 2007).

We agree with defendants that the complaint is sparse, but we hold that plaintiff provided the defendants fair notice of his claims. The complaint alleges that within a week or so after plaintiff complained to Harrington's superiors regarding her performance, she retaliated by having him arrested when he boarded a bus she was operating. It includes the date of the arrest in question. Further, the complaint identifies two counts. The first alleges that the arrest violated plaintiff's right under the Fourth Amendment to be free from unlawful seizure and his right under the First Amendment to engage in free speech without retaliation. The second alleges that the arrest violated his right under Illinois law to be free from malicious prosecution. We hold that plaintiff has put defendants on sufficient notice of his claims against them.

But that is not the end of our analysis. Plaintiff must also plausibly suggest that he has a right to relief. Bell Atl., 127 S.Ct. at 1964. We examine each of plaintiff's claims in turn.

In order to state a claim under 42 U.S.C. § 1983, plaintiff must allege that a person or persons acting under color of state law deprived him of a right secured by the Constitution or laws of the United States. Christensen v. County of Boone, Illinois, 483 F.3d 454, 459 (7th Cir. 2007) (per curiam). Defendants argue this cannot be done because Harrington's actions were

not taken under color of state law. Courts generally hold that individuals, even those acting within their official capacity, do not participate in an arrest by merely signing a criminal complaint. *See, e.g.,* Meesig v. Bresnahan, 95 C 4918, 1997 WL 639053, *4 (N.D. Ill. Oct. 3, 1997). But where individuals knowingly misuse power conferred by virtue of state law, those actions are taken under color of state law. Yeksigian v. Nappi, 900 F.2d 101, 104 (7th Cir. 1990). The complaint alleges that the arrest took place at the direction of defendant Harrington. At this stage we cannot say whether Harrington's position as a bus driver gave her the authority to keep order on her bus by liaising with the police. Nor can we say that if she possessed that authority she willingly misused it to cause plaintiff's arrest. But the purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the case on the merits. Recovery is plausible, and thus plaintiff has sufficiently alleged the personal responsibility requirement of § 1983.

Defendants next argue that plaintiff cannot succeed on his First Amendment claim for retaliation. Defendants argue that plaintiff's speech must be of public concern in order to be constitutionally protected. Plaintiff argues that there is no public concern requirement because he was not an employee of the CTA. The Seventh Circuit has not specifically determined the standards to be applied in § 1983 retaliation claims where there is no employment relationship between the parties. *See* Whitehouse v. Piazza, 05 C 1638, 2007 WL 641543, at *8 (N.D. Ill. Feb. 28, 2007); Chicago Reader v. Sheahan, 141 F. Supp. 2d. 1142, 1144 (N.D. Ill. 2001). But we need not determine at this time whether the public concern requirement applies. Whether plaintiff's initial complaint to the CTA about Harrington rises to the level of public concern is a factual determination best made after discovery. Without more information we cannot say, as a matter of law, that plaintiff's statements about the

operations of a public transit agency are not of public concern. We hold that plaintiff has sufficiently alleged a claim of retaliation under the First Amendment.

Next, defendants argue that plaintiff is not entitled to any relief under § 1983 because Harrington is protected from liability by qualified immunity. But qualified immunity is rarely a good reason to dismiss a lawsuit before an answer is filed. *See* Jacobs v. City of Chicago, 215 F.3d 758, 775 (7th Cir. 2000) (Easterbrook, J., concurring). Courts have been admonished to decide the question of immunity at the earliest possible stage in a lawsuit because qualified immunity is the ability to be free from suit, not merely a defense from liability. *See* Landstrom v. Ill. Dep't of Children & Family Servs., 892 F.2d 670, 674 (7th Cir. 1990) (citing Anderson v. Creighton, 483 U.S. 635, 646 (1986)). But the notice pleading requirements of Rule 8 do not require that a plaintiff anticipate the assertion of qualified immunity by the defendant and plead allegations that will defeat that immunity. *See* Crawford-El v. Britton, 523 U.S. 574, 595 (1998). The Supreme Court and the appellate courts have yet to resolve this tension. But in cases where, as here, the determination of whether a defendant is entitled to qualified immunity depends on the particular facts of the case, we believe the better course is not to require the plaintiff to plead factual allegations that anticipate and overcome a defense of qualified immunity.

Defendants also argue that plaintiff has failed to state a claim for malicious prosecution. In order to prevail on a claim of malicious prosecution under Illinois law, plaintiff must show the following: (1) the commencement or continuance of an original criminal or civil judicial proceeding by the defendant; (2) the termination of the proceeding in favor of the plaintiff; (3) the absence of probable cause for such proceeding; (4) the presence of malice; and (5) damages. Swick v. Liataud, 169 Ill.2d 504, 512, 662 N.E.2d 1238, 1242 (1996). Plaintiff's

complaint alleges that when he tried to board defendant Harrington's bus she had him arrested in retaliation for his prior complaint against her. Further, the complaint alleges that he was ultimately found not guilty of the charge and that the experience subjected him to severe emotional damages. Thus plaintiff has properly alleged requirements (2)-(5). The only remaining question is whether defendant Harrington can be found to have commenced the judicial proceeding.

In Illinois, criminal proceedings are commenced by the filing of a complaint, an indictment, or an information. 725 ILCS 5/111-1 (2007). "A private citizen does not commence a criminal action merely by reporting information to the police--even if the information turns out to be incorrect." Logan v. Caterpillar, Inc., 246 F.3d 912, 922 (7th Cir. 2001) (citing Randall v. Lemke, 311 Ill. App. 3d 848, 850, 726 N.E.2d 183, 185 (2000)). "Legal causation will be attributed to a private citizen only if the plaintiff can demonstrate that the defendant (1) instituted the proceedings against the plaintiff; (2) knowingly made false statements to the police; or (3) requested, directed, or pressured the officer into swearing out the complaint for the plaintiff's arrest." Logan, 246 F.3d at 922 (citing Geisberger v. Vella, 62 Ill. App. 3d 941, 943, 379 N.E.2d 947, 949 (1978)). We find that the complaint has alleged that defendant Harrington knowingly made false statements to the police in retaliation for plaintiff's prior complaint against her and has therefore properly alleged a claim for malicious prosecution.

Finally, defendants argue that no recovery on the malicious prosecution claim is possible because the CTA is immune under §§ 2-107 and 2-210 of the Illinois Tort Immunity Act, 745 ILCS 10/1-101, *et seq.* Sections 2-107 and 2-210 protect local public entities and public employees from injuries caused by the oral provision of information. *See* 745 ILCS

10/2-107; 10/2-210. If the claim only addressed defendant Harrington's statements to the police, these sections very well might provide immunity to the CTA. But that is not an accurate characterization of the claim. As we have already discussed, plaintiff claims that defendant Harrington made the false statements to police in order to commence malicious prosecution for the crime of assault. We believe the question of immunity is better analyzed under § 2-202 of the Act, which governs the execution or enforcement of law. That section provides protection from liability for the enforcement of any law "unless such act ... constitutes willful and wanton conduct." 745 ILCS 10/2-202. Because the plaintiff has alleged that Harrington acted with malicious intent, immunity is not available. *See* Rojicek v. Cmty. Consol. Sch. Dist. 15, 888 F.Supp. 878, 885 (N.D. Ill. 1995)

For the reasons stated above, we deny defendants' motion to dismiss.

JAMES B. MORAN
Senior Judge, U. S. District Court

Nov. 2, 2007.