UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WILLARD FERRELL, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) |
| ZOLA HARRINGTON and CHICAGO TRANSIT AUTHORITY, | ) ) ) ) |
| Defendants. | ) ) |
| ZOLA HARRINGTON, | ) ) |
| Defendant/Counter-Plaintiff, | ) ) ) |
| vs. | ) ) |
| WILLARD FERRELL, | ) ) |
| Plaintiff/Counter-Defendant. | ) |

07 C 3027

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

Defendants Zola Harrington ("Harrington") and Chicago Transit Authority ("CTA") have filed a motion for summary judgment. For the reasons stated below, we grant Defendants' motion as to Count I and decline to exercise jurisdiction over the remaining count.

## BACKGROUND

Harrington served as a CTA bus operator from 1975 until her retirement in 2008. In 2006, when the events that led to the present litigation occurred, Harrington was assigned to the Number 8 Halsted bus route. As a CTA driver, Harrington's primary responsibilities included driving her bus along a designated route, inspecting bus passes, determining the appropriate fare for each passenger, ensuring passengers deposited appropriate coins or bills into the fare box, and contacting CTA Communications/Power Control Center ("Control") regarding any problems. If Harrington required police assistance while on duty, her only means to communicate with the Chicago Police Department ("CPD") would be to call Control, who would then relay the nature of the driver's request for help to CPD. This suit arose out of one of Harrington's requests for police assistance that culminated in the arrest of the Plaintiff, Willard Ferrell ("Ferrell").

On February 7, 2006, Harrington was driving the Number 8 Halsted bus proceeding northbound on Halsted Street. As Harrington approached the intersection of Division and Halsted Streets, she noticed Ferrell waiting to board the bus. Harrington opened the doors and allowed Ferrell to board the bus; Ferrell paid the full fare and took a seat on the bus. After Ferrell sat down, Harrington parked the bus and called Control to request police assistance. Two CPD officers responded to Harrington's call and inquired into the circumstances surrounding her request. Harrington told the officers

that Ferrell had threatened her with a razorblade six days earlier, on February 1, 2006. When the officers questioned Ferrell, he stated that Harrington was having him arrested because he had filed two complaints against her with the CTA. After completing their questioning, the officers took Ferrell off the bus and arrested him. On August 18, 2006, a judge in Cook County Circuit Court found Ferrell not guilty of assault at the close of the prosecution's case.

Ferrell filed suit against Defendants May 31, 2007. Ferrell asserted a federal claim under 42 U.S.C. § 1983 against Harrington alone, alleging that she acted under color of state law in violating Ferrell's rights under the First, Fourth, and Fourteenth Amendments to the Constitution of the United States. Ferrell also asserted a state-law claim of malicious prosecution against Harrington and the CTA. Defendants' motion to dismiss Ferrell's claims was denied on November 2, 2007. Defendants now move for summary judgment.

**LEGAL STANDARD**

Summary judgment is appropriate only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A genuine issue of material fact exists when the evidence is such that a reasonable jury could find for the nonmovant.

*Buscaglia v. United States*, 25 F.3d 530, 534 (7th Cir. 1994). The movant in a motion for summary judgment bears the burden of demonstrating the absence of a genuine issue of material fact by specific citation to the record; if the party succeeds in doing so, the burden shifts to the nonmovant to set forth specific facts showing that there is a genuine issue of fact for trial. Fed. R. Civ. P. 56(e); *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). In considering motions for summary judgment, a court construes all facts and draws all inferences from the record in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

With these principles in mind, we turn to Defendants' motion.

## DISCUSSION

### I.     Ferrell's § 1983 Claim

Harrington contends that Ferrell's § 1983 claim against her should be dismissed because she did not act under color of state law in calling Control to request police assistance, providing information to police about Ferrell, and signing a criminal complaint against him. To succeed on a § 1983 claim, a plaintiff must establish that she suffered a constitutional deprivation and that the deprivation occurred under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). An act is performed under color of state law "when it involves a misuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law."

*Honaker v. Smith*, 256 F.3d 477, 484 (7th Cir. 2001) (internal quotation marks omitted). The action of a state employee is not considered to have been under color of state law unless it is "related in some way to the performance of the duties of the state office." *Id*. at 485.

Ferrell has not presented evidence that would allow a reasonable juror to conclude that Harrington's actions were performed under color of state law. Ferrell has not presented any evidence that Harrington's employment with the CTA invested her with any greater authority to request police assistance beyond that which she already possessed as a private citizen. Under these circumstances, no triable issue exists as to whether Harrington's actions that led to Ferrell's arrest were made possible only because she was "clothed with the authority of state law." *Id*. at 484.

Nor has Ferrell sufficiently established that Harrington's conduct was related to her duties as a CTA bus driver. Though Harrington's job description included "contacting Control regarding all problems[,]" this reflected a limitation on her means of communication with the outside world rather than an affirmative duty of her state office. Ferrell has not presented evidence to contradict Harrington's showing that she had no means to contact the police without first calling Control using CTA equipment. Though CTA provided the instrumentality by which Harrington initially contacted police, no meaningful relationship exists between her conduct and her duties as a CTA

employee. Her actions were analogous in all material respects to a private party calling the police, providing them with information, and then having the police arrest the person based on the private individual's representations. We therefore conclude that Harrington was not acting under color of state law during the events at issue.

Ferrell also argues that Harrington acted under color of law in parking her bus to await the arrival of police so that she could make a complaint to police about the plaintiff. This argument is made in one paragraph and lacks any citation to authority. "[P]erfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived[.]" *United States v. Hook*, 471 F.3d 766, 775 (7th Cir. 2006). We therefore do not address Ferrell's alternative theory in deciding this motion.

Because we find no triable issue of fact as to whether Harrington acted under color of state law, we grant Defendants' motion for summary judgment on Ferrell's § 1983 claim.

## II.     Ferrell's State Law Claim

The remaining claim of Ferrell's complaint is a state law malicious prosecution action against Harrington and the CTA. Because we have granted summary judgment on Ferrell's § 1983 claim, there are no claims remaining over which we have original jurisdiction. We decline to exercise our supplemental jurisdiction over the state law claims, and they are accordingly dismissed. 28 U.S.C. § 1367(c)(3). This dismissal is

without prejudice to their refiling in state court if Ferrell so chooses. *See* 28 U.S.C. § 1367(d); *Jinks v. Richland County*, 538 U.S. 456, 462-63 (2003) (noting that state limitations period is tolled during pendency of federal suit if supplemental state claims are dismissed after dismissal of federal claims).

## CONCLUSION

Based on the foregoing analysis, Defendants' motion for summary judgment is granted as to Count I. Count II is dismissed pursuant to 28 U.S.C. § 1367(c).

Charles P. Kocoras
United States District Judge

Dated:   November 20, 2009